# IN THE COURT OF APPEALS OF IOWA

No. 18-1555
Filed January 9, 2019

**IN THE INTEREST OF Y.M., L.M., R.C., J.C., and R.C.,**
**Minor Children,**

**B.R., Mother,**
　　　Appellant.

_____

　　　Appeal from the Iowa District Court for Polk County, Lynn Poschner, District Associate Judge.

　　　A mother appeals the juvenile court's termination of her parental rights. **AFFIRMED.**

　　　Francis P. Hurley of Phil Watson P.C., Des Moines, for appellant mother.

　　　Thomas J. Miller, Attorney General, and John McCormally, Assistant Attorney General, for appellee State.

　　　Bryan J. Tingle of Tingle Law Office, Des Moines, guardian ad litem for minor children and attorney for minor children Y.M. and L.M.

　　　Erin Mayfield of Youth Law Center, Des Moines, attorney for minor children R.C., J.C., and R.C.

　　　Considered by Tabor, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

A mother appeals the juvenile court order terminating her parental rights. We find termination is in the children's best interests and no exceptions apply. We affirm the juvenile court.

### I.     Background Facts & Proceedings

B.R., mother, and R.R.-C., father, are married and are the parents of Re.C., born in 2006; J.C., born in 2007; and Ra.C., born in 2010. B.R. is also the mother of L.M., born in 2013, and Y.M., born in 2014. R.R.-C. is the legal father and M.M.-R. is the biological father of L.M. and Y.M., but neither is on the birth certificates.

The family has been involved with the Iowa Department of Human Services (DHS) since August 2015 when the mother's substance-abuse problems resulted in children-in-need-of-assistance (CINA) proceedings. The mother successfully participated in services and the CINA proceedings closed in September 2016.

On June 11, 2017, police responded to a domestic violence call and during the investigation the mother admitted to daily methamphetamine use. On June 20, the mother consented to the children's removal. On August 4, the court adjudicated the children as CINA pursuant to Iowa Code section 232.2(6)(c) and (n) (2017). The children were placed with their maternal grandmother.

Following the removal on June 20, the mother appeared at the removal hearing on June 27 but attended no other hearing or conference until the permanency hearing on May 31, 2018. She was not in contact with her attorney or DHS in the interim and the contact information she provided was not current. At the permanency hearing, the mother was informed of the date of the termination

hearing.  She did not appear at the termination hearing.  She has not participated in any services offered, and only saw the children one time between removal and termination—a period of fourteen months.

On August 24, 2018, the juvenile court terminated the mother's parental rights for all five children pursuant to Iowa Code section 232.116(1)(b) and (h) (2018), to the older four children pursuant to section 232.116(1)(f), and to Y.M. pursuant to section 232.116(1)(h).[1]  She appeals.

## II.     Standard of Review

We review termination-of-parental-rights cases de novo.  *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012).  The paramount concern in termination proceedings is the best interest of the children.  *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).  "We give weight to the juvenile court's factual findings, especially when considering the credibility of witnesses, but we are not bound by them."  *In re H.S.*, 805 N.W.2d 737, 745 (Iowa 2011).

## III.     Analysis.

On appeal, the mother concedes the State provided sufficient evidence on all grounds asserted to terminate her parental rights.  She appeals claiming termination is not in the children's best interests under section 232.116(2).  She also asks the court to apply the exceptions to termination when a relative has legal custody of the children and when children over age ten object to the termination.

---

[1]  The fathers' rights to the children were also terminated.  The fathers have both been deported and neither contests the termination.

### A. Best Interests.

Our consideration of the best interest of the children "gives primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional needs of the child[ren]." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). This means if grounds for termination have been established, we cannot deny children a safe, permanent home based on the hope the parent will someday learn to be a parent and provide a safe and stable home for the children. *Id.*

The juvenile court found the children are doing better in the grandmother's care than they had been in the mother's care. It noted the older three children have a strong bond with the grandmother. The children's guardian ad litem and attorneys expressed concern if termination of the mother's rights could lead to the children being moved out of the grandmother's care and resulting in their separation. The court agreed with the guardian ad litem that the children's relationships with each other and their grandmother are vital. The same cannot be said for their relationship with the mother.

We look to a parent's past performance for indications of the quality of future care the parent is capable of providing. *A.B.*, 815 N.W.2d at 778. The mother was in a long-term abusive relationship that resulted in harm to the children. She is a chronic user of methamphetamine and has made no effort to use any of the substance-abuse or mental-health services offered to her. She only saw the children once in fourteen months by her own choice. We see no evidence that maintaining the parent-child relationship is in the best interest of any of the children. The district court noted delaying permanency in this case would have

nothing to do with the children's relationship with the mother, and we agree. We find termination of the mother's parental rights is in the children's best interests.

**B.      Exceptions.**

The mother claims two exceptions permitting the court to not terminate her parental rights apply. First, she notes the children have been in the custody of a relative from removal to the time of trial. *See* Iowa Code § 232.116(3)(a). She also claims the children over ten years of age object to the termination. *See id.* § 232.116(3)(b).

"[O]nce the State has proven a ground for termination, the parent resisting termination bears the burden to establish an exception to termination under Iowa Code section 232.116(3)." *In re A.S.,* 906 N.W.2d 467, 476 (Iowa 2018). The exceptions are applied at the court's discretion to save the parent-child relationships under the circumstances of the case and the best interests of the children. *In re M.W.*, 876 N.W.2d 212, 225 (Iowa 2016). The mother did not meet her burden to establish an exception to termination.

The grandmother testified at one hearing she had not seen the mother and had no contact with her, stating, "I don't even care if I never speak to [the mother] anymore," indicating the relative placement does not preserve the parent-child bond. The older three children requested to stay with their grandmother under a guardianship. Their stated preference is to not terminate their mother's rights in case she does address her substance-abuse issues, but their primary concern is to stay with their grandmother whether or not the mother's rights are terminated.

The court declined to apply the exceptions to termination, noting this was the second removal and CINA adjudication for all the children. The court found the

children need a more permanent solution than a guardianship subject to modification given the absence of all the parents from the children's lives and the parents' "complete inability to provide for their children's emotional, mental and physical needs."

Here, there is little to no parent-child relationship between the mother and any of the children which we could save by applying the exceptions. We affirm the juvenile court's decision terminating the mother's parental rights.

**AFFIRMED.**